## SUCCESSION OF JOHN BOYD, deceased.

A creditor of an estate, whose debt operates as a judicial mortgage, and is in a twelve months bond
executed by the deceased, cannot cause the property of the succession to be sold for cash, without
the benefit of appraisement, to satisfy his claim.

APPEAL from the District Court of the Parish of Morehouse, *Richardson, J*.
*Matthews & McFee*, for plaintiff. *McGuire & Ray*, and *S. G. Parsons*, for
appellant.

MERRICK, C. J. The appeal is taken in this case by *Joseph P. Crosby*, a credi-
tor holding a twelve months bond executed by the testator, *John Boyd*. The
question for our solution is thus stated by the appellant's counsel, viz, " Has a
creditor of an estate, whose debt operates as a judicial mortgage, and is in a
twelve months bond executed by the deceased, a right to have property of the
succession sold for *cash* at the first offering, unless it brings the amount of the
appraisement on the inventory, according to the Article 990 of the Code of Prac-
tice ? " He contends for an affirmative answer. Although there is much force in
the argument that the obligation of the testator to submit his property for sale
at the expiration of the twelve months bond for cash, without the benefit of ap-
praisement, devolves upon his heirs, and legatees, and that it is unjust to compel
the creditor to await a second sale on a twelve months credit, yet we think that
the law has not accorded to such creditor, by a proceeding against the executor,
the faculty of causing the property of the succession to be sold for cash, without
the benefit of appraisement, for these reasons : the twelve months bond was the
bond of *John Boyd*. Had he been alive at its maturity, his property could have
been sold without the benefit of appraisement ; but *John Boyd* died, and his estate
was cast by the operation of law upon his heirs, executors and legatees, persons
who were neither parties to the judgment, nor the twelve months bond. The judg-
ment could only be made executory against the heirs by a new proceeding, which
was likewise necessary to compel the executors to pay the twelve months bond.
The heirs and legatees had rights also in the property of the succession, which
were to be divested by the sale. Hence, the provisions of the Code of Practice
for the sale of the property of successions, became applicable in order to protect
the interest of the creditors, heirs and legatees, and the rules in regard to the sale
of property under executions could not well be applied ; for it was no longer a
proceeding between the debtor and creditor, but one in which several persons
were interested, none of whom were parties to the original suit.

Again, suppose a sale should be ordered, at the instance of a creditor, upon a
twelve months bond, as prayed for in this case, and property were sold at his
instance sufficient to pay his debt. The money then would be paid into the hands
of the executor or administrator, and the latter would file his tableau of distribu-
tion. Now, the Code does not give the creditor upon a twelve months bond, any
privilege upon the property of the deceased, and the money made with so much
care would go to the payment of privileges and superior mortgages, if there
were any.

As the legatee by particular title, is not liable for the debts of the succession,
except in certain cases, it would seem that he must have (as a consequence) the

right to protect his legacy from the claims of the creditors, and force them to provoke the sale of other property, except in the cases specially provided. The law in reference to a twelve months bond between plaintiff and defendant would not therefore apply, and the party would be driven to demand of the Judge a decree for the sale of such property as might be subject to be sold. C. C. 1626, 1627, 1628, 1635.

The District Judge did not therefore err in ordering the property to be sold, subject to the appraisement, according to Article 990 of the Code of Practice. Neither do we see any error in the decree directing it to be sold, subject to the lease made by the executor. It is conceded that the estate is solvent, and there is no doubt but a sale of a small portion of the property, in this form, will bring sufficient to pay all the debts. The incumbrance does not seem calculated to prejudice the creditor for so small a debt, and no other parties make objection to the same.

It is impossible always to ascertain what amount of property will be required to be sold for the payment of the debts. This can only be judged of by approximation, and it must of necessity be abandoned to the prudence of the Judge in each in individual case. He does not necessarily err when he orders enough to be sold to pay the debts and meet probable contingencies.

Neither can the residuary legatees or heirs complain, if, after having ordered the movables to be sold, which are insufficient to pay the debts, or are unreasonably delayed in their collection, he orders slaves to be sold. C. C. 1154.

They can relieve themselves from such order by paying the debts themselves.

We think the District Judge has exercised the discretion vested in him by law in a judicious manner in this case, and that the judgment of the lower court ought to be affirmed. We do not deem it important to consider separately the other points made in this case.

This decision must not be considered as in any manner affecting the decisions of this court, in reference to the executory process on special mortgage, where the mortgagor is deceased.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be affirmed, with costs.